IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHARLES TAYLOR**                                                                 **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO.:** 1:23cv297 LG-RPM

**STATE FARM FIRE AND CASUALTY COMPANY**                       **DEFENDANT**

<u>**NOTICE OF REMOVAL**</u>

TO:   Honorable Judges of the United States District Court for the Southern District of Mississippi, Southern Division

**COMES NOW,** the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY** (hereinafter "State Farm"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and would respectfully show this Court as follows, to wit:

**I.**

Plaintiff filed his Complaint against the Defendant on September 26, 2023, in the Circuit Court of Harrison County, Mississippi, First Judicial District, said action being designated as *Charles Taylor vs. State Farm Fire and Casualty Company, Cause No.: A2401-23-CV-00353* (hereinafter referred to as the "State Court Action").

**II.**

State Farm was provided notice of the filing of the Complaint on or about October 4, 2023. A copy of the Complaint filed in the Circuit Court of Harrison County, Mississippi, First Judicial District, is attached hereto as Exhibit "A" pursuant to 28 U.S.C. § 1446.

**III.**

Pursuant to 28 U.S.C. § 1446(b), the Defendant files this Notice of Removal within thirty (30) days of being notified of the Plaintiffs' original Complaint in the State Court Action, which was the first pleading received by the Defendant, through service of process or otherwise, setting

forth the claim for relief upon which such action is based, and reserves all of its defenses, including those defenses contained in Rule 12 of the Federal Rules of Civil Procedure.

**IV.**

The case is removed less than one (1) year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(b).

**PARTIES**

**V.**

In his Complaint, the Plaintiff pleads that he is an adult resident citizen of Harrison County in the State of Mississippi. adult residents of the State of Mississippi. Paragraph 6 of the Complaint indicates that the Plaintiff, CHARLES TAYLOR (hereinafter "Taylor"), was insured by State Farm under policy number 24-C1-9095-4 at the time of the alleged windstorm event, which is correct. According to State Farm's claim information regarding Taylor, his address is 803 Forest Avenue, Long Beach, Mississippi, the same address as the subject Property referenced in the Complaint. *See* Exhibit "B" attached hereto. Additionally, according to State Farm's claim information regarding Taylor, he has a driver's license issued to her in the State of Mississippi. *See* Exhibit "C" attached hereto. Based on this information, and without any evidence to the contrary, Taylor is a resident citizen of the State of Mississippi.

**VI.**

Defendant State Farm is now and has at all relevant times been a corporation organized and existing under the laws of the State of Illinois and having its principal place of business in the State of Illinois.

## DIVERSITY OF CITIZENSHIP

### VII.

This Court has subject matter jurisdiction of this controversy pursuant to 28 U.S.C. §1332. As required by the first prong of the jurisdictional statute, there is complete diversity of citizenship between the parties. 28 U.S.C. § 1332(a)(1). As articulated above, the Plaintiff is a citizen of the State of Mississippi and State Farm is a citizen of the State of Illinois.

## AMOUNT IN CONTROVERSY

### VIII.

The second prong of 28 U.S.C. § 1332 is also met as the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Plaintiff asserts that his house suffered damage during Hurricane Zeta on October 28, 2020, to the extent that his house suffered significant damage to the roof, siding, and interior. Ex. A. at ¶8. Plaintiff further alleges that Exact Building Consultants determined his house suffered damage during Hurricane Zeta totaling $94,378.94 and $886.54 in damages to other structures for which Plaintiff contends he is entitled to insurance benefits for said loss from State Farm. *Id.* at ¶¶13, 14. Plaintiff asserts that State Farm breached its contract with him entitling Plaintiff to damages for diminution in value to the property, actual repair costs, reimbursement for personal repairs to the property, costs related to personal property damage and cleaning, additional living expenses (ALE), mental anguish, and attorneys fees and costs. Ex. A. at ¶42. Additionally, Plaintiff alleges that State Farm breached the insurance contract in bad faith and intentionally as further support for the alleged damages, *supra*. *Id.* at ¶¶34-40.

## IX.

Given the nature and extent of Plaintiff's allegations regarding compensatory damages, particularly with reference to Plaintiff's assertion that essentially the entire house requires repair replacement (roof, siding, interior, etc.), the "matter in controversy" clearly exceeds the $75,000 jurisdictional limit of this Court. This is further bolstered by the fact that his estimate of repairs, referenced in his Complaint, exceeds $95,000.00. This alone satisfies the minimum jurisdictional threshold for the amount in controversy to exceed $75,000.00. And, even if this were not the case, Plaintiff's claim for bad faith and extra-contractual damages would be sufficient to meet the jurisdictional limit of this Court. *See, e.g.*, *Brasell v. Unumprovident Corp.*, 2001 WL 1530342, *2 (N.D. Miss. Oct. 25, 2001) ("[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction.") (citing *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988)); *Chambley v. Employers Ins. of Wassau*, 11 F.Supp.2d 693, 695 (S.D. Miss. 1998) ("Juries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits"); *Montgomery v. First Family Financial Servs., Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion in the case at bar that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages….").

## CONCLUSION

**X.**

This action is removable pursuant to 28 U.S.C. §1441(a) and §1446(b), as amended, and written notice of the filing of this Notice of Removal and copies of all process, pleadings, and orders will be served upon Plaintiff's counsel as required by law.

**XI.**

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy this Notice as an exhibit thereto, will be filed with the Circuit Clerk of Harrison County, Mississippi, First Judicial District.  Further, a copy of the State Court Record is attached hereto as Exhibit "D."

**WHEREFORE, PREMISES CONSIDERED**, the Defendant, STATE FARM FIRE AND CASUALTY COMPANY, respectfully submits this Notice of Removal from the Circuit Court of Harrison County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Southern Division.  The Defendant further requests any additional relief to which it may be entitled.

DATED:  October 27, 2023.

> Respectfully submitted,
>
> BRYAN, NELSON, SCHROEDER,
> CASTIGLIOLA & BANAHAN, PLLC
> Attorneys for Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**
>
> BY: s/H. Benjamin Mullen
>     **H. BENJAMIN MULLEN (MSB 9077)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**

1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS 39568-1529 (Post Office Box)
Telephone No.: (228) 762-6631
Fax No.: (228)769-6392
Email: ben@bnscb.com

## CERTIFICATE OF SERVICE

I, **H. BENJAMIN MULLEN**, one of the attorneys for the Defendant, **STATE FARM FIRE AND CASUALTY COMPANY**, do hereby certify that I have this date mailed, postage prepaid, a true and correct copy of the foregoing Notice of Removal to:

Jason C. Webster, Esq.
WEBSTER VICKNAIR MACLEOD
6200 Savoy Drive, Suite 150
Houston, TX  77036
Attorney for Plaintiffs

**DATED**: October 27, 2023.

                                               s/H. Benjamin Mullen
                                               **H. BENJAMIN MULLEN (MSB 9077)**

**BRYAN, NELSON, SCHROEDER,
CASTIGLIOLA & BANAHAN, PLLC**

1103 Jackson Avenue
Post Office Drawer 1529
Pascagoula, MS 39568-1529 (Post Office Box)
Telephone No.:  (228) 762-6631
Fax No.:  (228)769-6392
Email:  ben@bnscb.com